UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
RADAMES VARGAS, JR.,

                              Plaintiff,        COMPLAINT
                                                      (Jury Trial Demanded)
    -against-

FORDHAM UNIVERSITY,                         06 Civ. 6080 (RMB) (RLE)
                                                        ECF CASE

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff Radames Vargas, Jr., by his attorney Scott A. Korenbaum, Esq., for his complaint, alleges as follows:

## INTRODUCTION

       1.       Plaintiff Radames Vargas, Jr. brings this action pursuant to, among other things, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, as amended, to redress the deprivation of his civil rights. More specifically, throughout his employment with Fordham University (the "University"), he has been discriminated against because of his race and national origin--he is a Hispanic man of Puerto Rican descent.

       2.       More specifically, Mr. Vargas seeks redress for the damages he has experienced as a result of the University's refusal to promote him to the position of Electrician 2 from the position of Electrician 3. As discussed herein, even though he was the most qualified person for the position, the University failed to promote him and manufactured false excuses to justify its decision to promote a white male to the position.

## JURISDICTION AND VENUE

       3.       Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as plaintiff's claims arise under federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to the claims of

plaintiff arising under the common law of the State of New York and City of New York.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because the defendant resides in the State of New York, County of Bronx. Venue is also proper because the acts complained of occurred in the State of New York, County of Bronx.

PARTIES

5. Radames Vargas is a citizen of the United States. He resides in the State of New York, County of Bronx. As mentioned above, Mr. Vargas is a Hispanic man of Puerto Rican descent. At all times relevant herein, Mr. Vargas was an employee of the University.

6. Upon information and belief, defendant Fordham University is an independent university that provides college and post-graduate education. Upon information and belief, the University is a not-for-profit educational corporation organized under the laws of the State of New York.

7. Upon information and belief, the University is an accredited member of, among others, the Commission on Higher Education of the Middle States Association of Colleges and Secondary Schools and is on the list of registered Colleges and Universities of the Board of Regents of the State of New York. Upon further information and belief, while the University maintains a number of campuses, at all times relevant herein, it maintained its principal campus in the Bronx, New York. At all times relevant herein, the University was an "employer" within the meaning of Title VII and the New York State and New York City anti-discrimination laws.

ADMINISTRATIVE PREREQUISITES

8. On or about March 30, 2006, Mr. Vargas filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"), which, upon information and belief, was cross-filed with the New York State Division of Human Rights. In his

complaint, Mr. Vargas complained about discrimination on the basis of race and national origin and identified himself as a Hispanic male.

9. Upon information and belief, on or about May 19, 2006, the EEOC dismissed Mr. Vargas's charge. Upon further information and belief, on or about May 23, 2006, Mr. Vargas received a Right to Sue Letter from the EEOC. Mr. Vargas is commencing this action within 90 days of his receipt of the Right to Sue Letter.

10. Prior to the commencement of this action, Mr. Vargas's counsel served a copy of this complaint upon the Office of the Corporation Counsel and the New York City Commission on Human Rights.

## FACTS UNDERLYING THE COMPLAINT

11. Mr. Vargas began his employment with the University in the Winter of 1993. Since January 1994, and at all times relevant herein, he was assigned to the University's Facilities Operations Department (the "Department").

12. The Department is divided into a number of trade shops, including electricians, plumbers, carpenters and HVAC. At all times relevant herein, Mr. Vargas was part of the Electricians shop.

13. While assigned to the Department, Mr. Vargas always performed his assignments satisfactorily. As of September 2005, Mr. Vargas held the position of Electrician 3.

14. At all times relevant herein, the Director of the Facilities was Kevin O'Brien, who is a white man and who, upon information and belief, is an Irish-American. The Assistant to the Director was Joe Fraccalvieri, a white man who, upon information and belief, is an Italian American.

15. On or about September 5, 2005, the Department posted an opening for the position of Electrician 2. The position of Electrician 2 represented a promotion from the position of

Electrician 3, and brought with it an increase in pay.

16. Shortly after the Department posted the opening for the position of Electrician 2, Mr. Vargas applied for the position. Given his experience with the Department, Mr. Vargas was qualified for the position.

17. Notwithstanding his qualifications, the Department did not award him the position. Instead, it awarded the position to Michael Gialanella, a white man who, upon information and belief, is an Italian-American.

18. Mr. Gialanella was less-qualified for the position than Mr. Vargas, and the Department knew it. At a meeting held on December 12, 2005, which was attended by, among others, Messrs. O'Brien and Fraccalvieri, as well as Ms. Deborah Lugo from Human Resources, Mr. Vargas informed those in attendance that Mr. Gialanella did not even have the minimum amount of experience for the position, which should have automatically disqualified him for the job.

19. In an effort to justify the Department's position, Ms. Lugo stated that Mr. Vargas was not qualified for the position because he did not have ten years on the job, which was a baseline requirement for the position. Because Mr. Vargas had worked for the University as an electrician for 11 years, however, Ms. Lugo's statement was not only inaccurate, but indicated an unwillingness on the Department's part to even consider Mr. Vargas for the position.

20. Under the leadership of O'Brien, the Department has a history of favoring its white male employees over its minority employees. For example, the Department has paid one or more of its white employees above union scale rates.

21. As mentioned above, the Department is divided into a number of trade shops. The Department has designated a number of its white employees to be its "lead" member of each shop, which affords the "lead" employee the opportunity to receive additional pay.

22. In contrast, under the leadership of O'Brien no non-white employee has been designated as a "lead" employee, even though one or more non-white employee has more seniority than the designated "lead" employee. Upon information and belief, in those situations in which there is no white employee assigned to a shop, the Department has declined to designate the available minority employee the "lead" employee.

**FOR A FIRST CLAIM FOR RELIEF**
(42 U.S.C. § 1981)

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 above, as if set forth fully herein.

24. At all times relevant herein, plaintiff was qualified for the position of Electrician 2.

25. Notwithstanding his qualifications for the position of Electrician 2, the University did not promote Mr. Vargas to this position.

26. Instead of promoting Mr. Vargas to the position of Electrician 2, the University promoted a white male, who was not qualified for the position.

27. As a result of the University's discriminatory treatment of him, Mr. Vargas has suffered both emotional and pecuniary damages.

**FOR A SECOND CLAIM FOR RELIEF**
(Title VII)

28. Mr. Vargas repeats and realleges the allegations contained in paragraphs 1 through 27 above, as if set forth fully herein.

29. The University's discriminatory treatment of Mr. Vargas violates Title VII of the Civil Rights Act of 1964, as amended.

30. As a result of the University's discriminatory treatment of him, Mr. Vargas has suffered both emotional and pecuniary damages.

## FOR A THIRD CLAIM FOR RELIEF
(N.Y. Executive Law § 296)

31. Mr. Vargas repeats and realleges the allegations contained in paragraphs 1 through 30 above, as if set forth fully herein.

32. The University's discriminatory treatment of Mr. Vargas violates New York Executive Law § 296.

33. As a result of the University's discriminatory treatment of him, Mr. Vargas has suffered both emotional and pecuniary damages.

## FOR A FOURTH CLAIM FOR RELIEF
(N.Y.C. Admin. Code § 8-107)

34. Mr. Vargas repeats and realleges the allegations contained in paragraphs 1 through 33 above, as if set forth fully herein.

35. The University's discriminatory treatment of Mr. Vargas violates New York City Administrative Code § 8-107.

36. As a result of the University's discriminatory treatment of him, Mr. Vargas has suffered both emotional and pecuniary damages.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial;

(c) pre-judgment interest;

(d) costs and expenses of this action;

(e) reasonable attorneys' fees;

(f) front pay;

-7-

    (g)    a promotion to the position of Electrician II; and

    (h)    such other and further relief as is just and proper.

Dated: New York, New York
       August 9, 2006

                      SCOTT A. KORENBAUM, ESQ.
                      Attorney for Plaintiff Radames Vargas
                      111 Broadway, Suite 1305
                      New York, New York  10006
                      (212) 587-0018


By:_____/s_____
                Scott A. Korenbaum (SK-8305)